Appellant Blaney's argument that res judicata precludes a recovery by appellee UHC seems convincing at first blush. When one looks at the Probate Court's initial order of distribution filed on November 30, 2000, it seems that the court considered but rejected UHC's subrogation claim in the following language:
"The Court Orders payment of $0 for medical expenses to United Healthcare of Ohio, Inc." Had the court intended to indicate that it was not ruling on the issue, it easily could have said as much. Yet, it chose to make an award of zero, which implies that it considered and rejected UHC's claim. If that were the extent of the entry's reference to that issue, I would agree with appellant Blaney that UHC's failure to appeal in that order was fatal to its subrogation claim. But that is not the case.
The November 30, 2000, entry goes on to state that its order of distribution is subject to "what amount, if any, awarded as damages to United Healthcare of Ohio, Inc. for medical expenses." Clearly, this language contemplates further proceedings on the issue in some court of competent jurisdiction. The only way I can reconcile the Probate Court's seemingly contradictory entry is to conclude that the zero award is simply a poorly-worded attempt at conveying the court's deferral of the issue to another time or another court. The only logical construction of the entry as a whole leads me to conclude that the Probate Court did not rule on the merits of UHC's claim.
Because my interpretation of the Probate Court's order concludes that it did not issue a ruling on the subrogation claim, I take no position on its jurisdiction to do so. Thus, I concur in judgment only.